19769. COLLIER *et al. v.* STOKES.

WYATT, Presiding Justice. J. W. Stokes brought his petition against Frank S. Collier and Lena Bell Collier, seeking an injunction to prevent a continuing trespass upon lands claimed by him. The defendants answered denying that they were trespassing upon any land belonging to the plaintiff. The case came on for trial before a jury, and a verdict was returned in favor of the plaintiff. The defendants filed their motion for new trial, which was denied. The exception here is to that judgment. *Held:*

1. There is no merit in the general grounds of the motion for new trial. The evidence was amply sufficient to support the verdict.

2. Special grounds 4 and 5 complain because certain evidence by a witness offered by the defendants was excluded upon objection. There is no merit in these two grounds. The evidence excluded related to what the witness had been told by her father and by a named surveyor some thirty or thirty-two years before about the location or meaning of a certain pin. These conversations took place at or about the time the pin was put down. It is contended that this testimony was admissible, under Code § 85-1602, as an ancient landmark of more than thirty years' standing. Code § 85-1602 permits the introduction of evidence as to general reputation in the community of more than thirty years' standing. The evidence here offered was not as to the general reputation of the pin in question or as to the witness's knowledge of the pin. What was sought was what specific persons said about a specific pin. It is clear that this type of testimony was all that was ruled out by the trial judge, and that such testimony, being hearsay and inadmissible, was properly ruled out.

3. Grounds 6 and 7 complain because the court did not, without request, give in charge to the jury certain principles of law relating to processioning proceedings. The instant case is

not a processioning proceeding, and, in so far as this record shows, no processioning proceeding was introduced in evidence, and processioning is not at all involved. Certain persons, who identified themselves as processioners, testified, and it appears from their testimony that they had at some time processioned the line between the parties to this case. However, they simply appeared in this case as witnesses who testified as to what the situation was with reference to the line between the parties. In so far as the record shows, they did not appear in any official capacity as processioners, but appeared simply as persons familiar with the land in question. It was, therefore, not error to fail to give in charge to the jury the law here insisted upon.

4. Special ground 8 complains because the court charged the jury as follows: "Where two persons claim to have actual possession of the same land, he shall be deemed in possession who has legal title, and the other is a trespasser." It is contended that this charge injected the question of title into this case and was erroneous when the issue was the line between coterminous landowners. There is no merit in this contention. The judge in this excerpt was simply undertaking to explain to the jury what constituted a trespass, and was not charging the jury to the effect that they were to determine in this case who had title. It is clear throughout the charge of the court that the jury were instructed that they were to determine whether or not the plaintiff had proved the line as contended for by him.

5. Ground 9 of the motion for new trial contends that it was error to charge in substance that, if the plaintiff had failed to prove by a preponderance of the evidence that the line contended for by him was the true line between the lands of the parties, or if "the defendants have proven to your satisfaction that another line or the line claimed by them is the true line, then you should find for the defendants." It is contended that this charge placed a burden upon the defendants of establishing a line other than that contended for by the plaintiff. There is no merit in this contention. The judge charged the jury that, if the plaintiff failed to establish his line, or if the defendants established another line, in either event they should find for the defendants. The defendants did not have to establish any line at all under this charge.

466

While it is true that two "true" lines can not be established, and that, if the defendants do establish a "true" line other than the one contended for by the plaintiff, the plaintiff must necessarily have failed to prove that his line was the "true" line, the charge was not harmful to the defendants. It gave to the defendants the benefit not only of a failure of the plaintiff's evidence, but also gave them the benefit of affirmative evidence in their behalf, to which they were entitled.

6. From what has been said above, it was not error for any reason assigned to deny the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 9, 1957—DECIDED SEPTEMBER 6, 1957.

*James R. Venable,* for plaintiffs in error.
*Ernest M. Smith, Ray M. Tucker,* contra.