## HAILEY *v.* McMULLAN.

BECK, J. 1. Complaint is made, in the motion for a new trial, of the following charge of the court: "The defendant is entitled to all the land deeded by the plaintiff as sold by her or her deceased husband, and to all the land deeded by the administrator of Jack Morrison under that title acquired from her, and no more. If these deeds cover all this land, the defendant is entitled to a verdict at your hands, it belongs to him. If it does not cover all this land, he is not entitled to a verdict at your hands; and in case this plaintiff has shown to you by the strength of her own title that she is entitled to any portion of this land in dispute, then she would be entitled to recover that portion." The exceptions to the charge are, that it tended to exclude from the consideration of the jury other issues raised by the defendant upon the trial, and restricted the pleading in behalf of defendant to the description contained in the deed. *Held,* that, there being evidence from which the jury would have been authorized to find that there had been seven years acquiescence, by acts or declarations, in the line as contended for by the defendant, the charge just quoted was error, as it deprived the defendant of a defense based upon acquiescence of the plaintiff in the line which the defendant insisted was the true line between his land and the land of the plaintiff.

(*a*) In view of the evidence just referred to, the court should have given in charge to the jury the principle of law contained in § 3821 of the Civil Code, that "acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line."

2. While there were certain inaccuracies in other portions of the court's charge, none of them were hurtful to the plaintiff in error, and therefore do not afford ground for the grant of a new trial.

3. The admission of a deed and plot in evidence, subject to the introduction of further proof which would render them competent and relevant as evidence in the case, will not require the grant of a new trial, where subsequently to the admission of such evidence the court's attention was not further called to the matter, and no motion was made to have the evidence referred to excluded.

4. A new trial having been granted upon another ground, it is unnecessary to pass upon the ground based upon alleged newly discovered evidence.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent,*

SEPTEMBER 22, 1915,

Complaint for land.  Before Judge Meadow.  Hart superior court.  July 24, 1914.

*J. H. & Parke Skelton* and *Skelton & Skelton,* for plaintiff in error.  *W. L. Hodges,* contra.