## NORTHERN CONTRACTING COMPANY *v.* MADDUX.

PER CURIAM. 1. Except as especially provided for, all civil cases must be tried in the county where the defendant resides. Const. art. 6, sec. 16, par. 6 (Civil Code of 1910), §§ 5526, 6543. This applies to artificial as well as to natural persons. *Central Bank* v. *Gibson,* 11 *Ga.* 453; *McCall* v. *Central Ry. Co.,* 120 *Ga.* 602, 604 (48 S. E. 157).

2. "Parties, by consent express or implied, can not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, so far as the rights of the parties are concerned, but not so as to prejudice third persons." "If a defendant appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he thereby admits the jurisdiction of the court." Civil Code (1910), §§ 5663, 5664.

3. Where in the trial of a suit for damages against a corporation for the homicide of a minor child, occurring in a county other than that in which the suit is brought, it is alleged in the petition, that the defendant "is a corporation doing business under the name and style of the Northern Contracting Company, and has an office and agent in Rabun county, Georgia, and in which county said corporation is actively carrying on its said business as hereinafter set forth, . . that the said Northern Contracting Company is engaged in a general contracting business in Habersham and Rabun counties and have been ever since the first day of October, 1911, and are now engaged in the same business or work, to wit, in contracting and subcontracting in the boring and cutting of a certain tunnel, building a dam and power-house, and other work of a similar nature in Rabun and Habersham counties, for the erection of a power-plant for the purpose of producing electric power to be distributed from the point of production at Tallulah Falls, Georgia, to other points in said State by means of certain wires," and the defendant appears and pleads to the petition and in its answer admits these allegations, and there appears from the record and bill of exceptions nothing else tending to show the nature of the business in which the defendant is engaged, except the testimony of a witness for plaintiff, that "the company was then building and are now operating a plant to generate electricity," it can not be held as a matter of law that the defendant is an "electric company" within the meaning of section 2798 of the Civil Code of 1910, as amended by the act of 1912 (Acts 1912, p. 66)' fixing the venue of suits brought against that class of persons and railway companies.

4. It appears from the record and bill of exceptions that the defendant appeared and answered the suit and participated in the trial of the case, and, at the conclusion of the plaintiff's evidence (not itself introducing any evidence), "made a motion to dismiss the case" on the ground that the court was without jurisdiction to entertain and try it. *Held:* (*a*) The court had jurisdiction over the subject-matter of the suit. (*b*) It not appearing from the bill of exceptions or the record here that the defendant was not a resident of Rabun county, but it appearing therefrom that the defendant appeared and pleaded to the merits of the case, without by proper plea raising this issue, under the code sections quoted in the second headnote above, the court did not err in overruling "the motion to dismiss the case."

> *Judgment affirmed. All the Justices concur.*
> FEBRUARY 18, 1916.

Action for damages. Before Judge Jones. Rabun superior court. August term, 1914.

*Colquitt & Conyers, McMillan & Erwin,* and *H. H. Dean,* for plaintiff in error.

*C. L. Redman* and *J. C. Edwards & Sons,* contra.