No. 10224. NOVEMBER 14, 1934.

YOUMANS *v.* HICKMAN; and *vice versa.*

No. 10278. NOVEMBER 14, 1934.

*Howell Cone, A. S. Bradley,* and *P. W. Bradley,* for plaintiff.

*Jones, Johnston, Russell & Sparks* and *Fred T. Lanier,* for defendant.

BECK, P. J. The Court of Appeals propounded to this court the following question:   May an individual, who was operating as a motor common carrier of property, for hire, over the highways of the State of Georgia, under a certificate of public convenience and necessity, issued by the Public Service Commission of Georgia, such certificate being a class "B" certificate and authorizing such operation over no fixed route, and coming within the provisions of the motor-carrier act approved August 27, 1931 (Ga. L. 1931, pp. 199-213), which act provides:  "The term 'person' shall include an individual, a copartnership, corporation, company, or joint stock association," and that "The words 'motor common carrier' mean every person operating a motor-propelled vehicle for hire over the public highways of this State as a common carrier," be sued in any county of this State other than the county of his residence, for injury or damage occurring by reason of the negligent operation of such motor-propelled vehicle in such other county, the act above referred to providing (on page 205) that "Action against motor common carriers, except in those cases where the constitution of the State otherwise provides, may be brought and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued in a like cause of action?   See, in this connection, Ga. L. Ex. Sess. 1931, pp. 99-107; *Wimberly* v. *Harris,* 47 *Ga.* App. 442" (170 S. E. 817).

We are of the opinion that this question should be answered in the negative.  In section 13 of an act approved August 27, 1931, entitled "An act to prescribe conditions and regulations under which common carriers by motor-vehicles are permitted to operate upon highways in this State," etc.   (Ga. L. 1931, pp. 199-213), it is provided: "Action against motor common carriers, except in those cases where the constitution of this State otherwise provides, may be brought and maintained in any county or militia district

where the action could be brought if the defendant were a railroad company being sued upon a like cause of action; and if the defendant or defendants or any of them be not found for service in the county or militia district, as the case may be, where the action is brought, second original or originals may issue and service be made in any other county where the service can be made upon the defendant or defendants or his, its, or their agents. This provision of this section shall apply to motor common carriers, whether engaged in interstate commerce or not." In other sections of the act in question it is provided that "The term 'person' shall include an individual, a firm, a copartnership, corporation, company, and association or a joint stock association;" and that "The words 'motor common carrier' mean every person owning, controlling, operating, or managing any motor-propelled vehicle for hire on the public highways of this State as a common carrier." The controlling question in the case is, whether an individual defendant, as distinguished from a corporation or artificial person, may be sued for a tort committed in one county, under the authority of the statute quoted above, where the individual defendant has his legal residence in another county. In *Davis* v. *Central Railroad &c. Co.*, 17 *Ga.* 323, it was held that the act of the General Assembly which permitted railroad companies to be sued in counties other than the county in which the principal office of the company was located was constitutional and valid; the ground upon which the decision was based being that the General Assembly had a right to declare what was the residence of all persons, both natural and artificial. And in *Gilbert* v. *Georgia Railroad &c. Co.*, 104 *Ga.* 412 (30 S. E. 673), it was said: "If the General Assembly could declare that a railroad company resided in every county through which its lines of road run, it was undoubtedly within its power to declare also that suits against railroad companies should be brought in the counties where the cause of action in .each case arose. The constitutional provision simply prescribes that the suits must be brought in the county of the defendant's residence, and the whole subject of domicile and residence of persons both natural and artificial is left to be determined by the General Assembly." Those decisions dealt with the question of the residence of corporations. There is no apparent reason why a corporation which does business in several counties may not for some purposes have a residence in each of

those counties. Therefore, when the General Assembly enacted that suits against corporations could and should under certain circumstances be filed in the county where the cause of action arose and where the corporation was engaged in business, that act was construed by the Supreme Court as an implied designation of that county as the residence of the corporation, at least for the purpose of that suit. In the cases just cited this court held that the General Assembly had a right to legislate on the subject of domicile and residence both as to natural persons and artificial persons. We do not think, however, and we can not agree, that the General Assembly has a right, or that this court has ever held that it has the right, to provide that a natural person, an individual, who lives and has his domicile and residence in one county, and his domicile and residence is fixed there under the law as it stands, should be deemed also to be a resident, for certain purposes, of another county. A general law may fix the general place of his residence; but when he has a residence and domicile fixed and established in accordance with the law, the legislature can not declare that he may also be a resident of another county at the same time. Section 16 of article 6 of the constitution relates to venue of suits. In paragraph 1 of that section (Code, § 6538), it is provided that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." In the next paragraph (§ 6539) the venue of suits respecting land titles is fixed. In the next paragraph (§ 6540) it is declared that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. In the paragraph following there is a provision as to suits against joint obligors, etc.; and in the next paragraph is fixed the venue of suits against makers and indorsers. In paragraph 6 of this section of the constitution (§ 6543) it is provided that "All other civil cases shall be tried in the county where the defendant resides." We do not understand that by having a business of a certain character, which is carried on at one time in several counties other than the county of the residence of the owner or operator of the business, the place of his residence is changed. The question in this case relates to one who has a residence established by the law of this State. Can the residence of an individual under these circumstances be shifted to

another county where he has a business, so that the latter county may be the proper venue of a suit against him because of a tort committed by his agents in the county where the tort was committed? We think not. We think that the action in the present case, under the language of the part of section 13 of the act of August 27, 1931, falls within the exception, and is one of those cases "where the constitution of this State otherwise provides."

*Answer in negative. All the Justices concur.*