GEE *et al. v.* McDOWELL.

No. 17919. ARGUED JUNE 10, 1952—DECIDED JULY 14, 1952.

*Phillip Sheffield, Stone & Stone* and *Custer & Kirbo,* for plaintiffs in error.

*P. Z. Geer Jr.,* contra.

WYATT, Justice. ■ The exceptions pendente lite on the judgment overruling the defendant's demurrers are not argued in this court, and will be considered as abandoned.

■ In so far as the general grounds of the motion for new trial are concerned, it is sufficient to say that, for reasons that will appear below in the discussion of the special grounds, there is no merit in any of them.

■ Special ground one complains because the court charged the jury the law regarding the establishment of a dividing line by acquiescence for seven years. The complaint made is that there was no evidence to authorize the charge. Special ground three complains of the same excerpt for the reason that the evidence was insufficient to show any effective acquiescence in the line sought to be established.

There is no merit in either of these contentions. Several witnesses testified that a certain lightwood knot or stake had been recognized as the line between the estates for many years, that the said stake was on the line contended for by the plaintiff; that the plaintiff and his predecessors had turpentined the trees up to this line over the years; that there had been no dispute about the line until this litigation arose; that the line had been surveyed as the proper line; and other circumstances tending to show that the line contended for by the plaintiff had been recognized as the proper line between the estates for more than seven years. This was sufficient to raise an issue for the jury as to whether or not there had been established by the parties a line by acquiescence for a period of more than seven years. It was, therefore, not error for the court to charge the jury on this issue in this case. See *Swinson* v. *Jones*, 66 *Ga. App.* 598 (18 S. E. 2d, 646); *Brogdon* v. *Cooper*, 41 *Ga. App.* 88 (151 S. E. 834); and *Hailey* v. *McMullan*, 144 *Ga.* 147 (86 S. E. 315).

■ Special ground two of the motion for new trial complains because the court charged the jury the law relating to the establishment of a line by oral agreement. The complaint is that there was no evidence of any oral agreement between the plaintiff and the movants or between any of the predecessors of the plaintiff and the movants or predecessors of the movants.

To establish a line by oral agreement, the line must be unascertained or disputed, and there must be an agreement as to where the line shall be and the agreement must be executed in some manner recognized by law. See *Tietjen* v. *Dobson*, 170 *Ga.* 123 (152 S. E. 222); *Farr* v. *Woolfolk*, 118 *Ga.* 277 (45 S. E. 230); *Hart* v. *Carter*, 150 *Ga.* 289 (103 S. E. 457); *Henderson* v. *Walker*, 157 *Ga.* 856 (122 S. E. 613). In the instant case, there was no evidence that the line was unascertained or

disputed at any time until the present litigation arose. The plaintiff testified that there had never been any dispute about the line before. There was also no evidence that there was ever any agreement relating to the line in dispute. Accordingly, the excerpt from the charge complained of in this ground was not authorized by the evidence and was therefore error.

■ Special ground four complains because the court charged the jury the law relating to adverse possession. The complaint is that there was no evidence of such open, notorious, and continuous adverse possession by the plaintiff and his predecessors as would authorize a charge on this issue.

The evidence in this case was that the land in dispute had never been cultivated or enclosed. There was evidence, however, that the plaintiff and his predecessors had turpentined the trees up to the line contended for by the plaintiff as early as 1925, and that the timber had been cut up to the line about 1930. There was also evidence that in 1940 the plaintiff sold the turpentine rights up to the line contended for, and that the trees were turpentined up to the line for several years thereafter. "Where prescriptive title is asserted, and evidence is introduced tending to show cultivation of a turpentine farm and the cutting of timber covering the land continuously for the statutory period, whether or not the cultivation of such turpentine farm upon the land is such an occupancy as may be the basis of prescriptive title to the land so used, if continued for the statutory period, is generally a question of fact depending upon the character of the possession, the extent of the visible signs of occupancy and its continuance; and if the evidence so authorizes, a charge to that effect is not erroneous." *Walker* v. *Steffes*, 139 *Ga.* 520 (77 S. E. 580). See also *May* v. *Sorrell,* 153 *Ga.* 47 (111 S. E. 810); *Flannery* v. *Hightower*, 97 *Ga.* 592 (25 S. E. 371). It follows, the evidence in the instant case is sufficient to raise an issue of fact for the jury whether or not the activities of the plaintiff and his predecessors in title constituted such open, notorious, and continuous adverse possession as would ripen into prescriptive title after 20 years. The charge on this question was therefore authorized by the evidence, and was not erroneous for any reason assigned.

■ Special grounds five and six of the motion for new trial are

not argued. We have carefully examined each and every contention therein and find there is no merit in any of them.

■ For reasons appearing in division four of this opinion, the judgment of the court below must be reversed.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*