20065. GEE *et al. v.* McDOWELL.

SUBMITTED JUNE 9, 1958—DECIDED JULY 11, 1958.

274 (214

*Stone & Stone, W. Lowery Stone, Philip Sheffield, Custer & Kirbo,* for plaintiffs in error.

*H. H. Perry, Jr., P. Z. Geer, Jr., Perry & Walters, Jesse Walters,* contra.

WYATT, Presiding Justice. 1. In so far as the general grounds of the motion for new trial are concerned, they were not argued in this court, and will be considered as abandoned.

2. The first ground of the amended motion, numbered 5, complains of the following excerpt from the charge of the court: "There are three questions before you for determination. The first question—maybe you should consider in that order, the first question is, where is the true dividing line between those two lots of land, or the portions of the two lots of land involved in this controversy, if you can, as a matter of fact. You may be able to find from the evidence where the true dividing line is, or you may not be able to find it. You will look to all of the evidence bearing upon the question as to the dividing line between these two lots involved here, these two particular tracts, which is the south portion of lot No. 111 and the north portion of lot No. 110, but the particular line in dispute is between the eastern portions of the two lots.

"If you can find from the testimony what is the true line between these two lots, then you would look further and see whether such true line, if you can find the true line, whether it is now

or at the time of the filing of this suit in 1947, whether it is the lawful dividing line between the lands of these two coterminous owners, Mr. McDowell on the south and the Sherman heirs, four named in the suit, on the north." The complaint is that the charge was confusing and misleading to the jury for the reason that the "true" line is the lawful line.

Under the facts of the instant case, it was conceded by both parties that the original line here in dispute between these landowners was the original line between land lots 110 and 111. The plaintiff maintains that the line as contended for by him was the original lot line, but if this be not true, the line contended for by him had been lawfully established (a) by oral agreement; (b) by seven years' acquiescence; and (c) by adverse possession for more than twenty years. The defendant contended that the line contended for by him was the original true line between lots 110 and 111 and, if not, the line as contended for by him had been established by one or all of the methods above enumerated. Under this state of facts, we do not consider that this excerpt was misleading to the jury. It is clear that the jury understood that, when the judge used the term "true line," he had reference to the original land lot line between lots 110 and 111, which was the line conceded by all parties to have been the original true line between these parties; and that, when he used the term "lawful line," he had reference to a line legally established by one of the methods above enumerated. *Phillips* v. *O'Neal*, 87 *Ga.* 727 (13 S. E. 819), does not require a different ruling. There the true line was the subject of the inquiry.

3. The second ground of the amended motion for new trial, numbered 6, complains of the following excerpt from the charge: "Now, gentlemen, in order for you to find that the line as contended by the plaintiff, if you find for his contention, that the line was established by acquiescence by the owners, the adjoining owners, you will have to first find that the true line between the property was disputed and unascertained. If you find that the true line was not disputed or unascertained, the plaintiff could only establish his line; that is, unless you find that is the true line, you may find the Ritchie line, by a preponderance of the evidence, was the true line, or you may find that the Bonner line, by a preponderance of the evidence, was the true line as

contended by the defendants; but if you should find that the Bonner line was the true line, you would have to find that it was unascertained and disputed, in order to find that the line claimed by the plaintiff was established by acquiescence for a period of seven years."

It is contended that this charge had the effect of placing the burden upon the defendant of proving his contentions by a preponderance of the evidence before a verdict could be rendered in his favor. The trial judge had previously charged the jury to the effect that, unless the plaintiff proved his case by a preponderance of the evidence, a verdict should be returned in favor of the defendant. This excerpt from the charge was concerned with a line the defendant was contending should be set up as the line for the same reasons the plaintiff had insisted the line contended for by him should be set up. The effect of this excerpt was to charge the jury that the defendant, in so far as the affirmative relief sought by him was concerned, had the burden of proof. This was not error.

4. The third ground of the amended motion, numbered 7, complains of a lengthy excerpt from the charge dealing with the establishing of a line by seven years' acquiescence. It is contended that the evidence was not sufficient to authorize this charge on acquiescence. When this case was before this court in *Gee* v. *McDowell*, 209 *Ga.* 265 (71 S. E. 2d 532), it was expressly held that the evidence did authorize a charge on the question of acquiescence. The evidence now before this court on that subject is substantially the same as when the case was here before. It follows, there is no merit in this contention.

5. The fourth ground of the amended motion for new trial, being numbered eight, complains of the following excerpt from the charge: "Now, gentlemen, if you find that the evidence is evenly divided as to these two lines, the line claimed by the plaintiff and the line claimed by the defendant; if you find the evidence bearing on the question is of equal weight, why then it would be your duty to find for the defendants." The complaint made is that this charge limited the right of the defendant to recover to a finding that the evidence as to the two lines was evenly divided. This excerpt is not subject to the complaint made. Elsewhere in the charge, the correct rules of law were

given in charge to the jury on the subject of the evidence required to support a verdict. Here the judge was dealing only with this one phase of the evidence. He, of course, could not repeat at one and the same time all the rules of law applicable to the case.

6. The fifth and sixth grounds of the amended motion for new trial, being numbered 9 and 10, complain as to the exclusion of evidence. The testimony of a surveyor to the effect that J. B. Widner showed him an iron pin, and of a witness to the effect that "Uncle Joe Sherman" showed him a corner, was excluded on the ground that it was hearsay. In *Collier* v. *Stokes,* 213 *Ga.* 464 (2) (99 S. E. 2d 821), this court said: "The evidence excluded related to what the witness had been told by her father and by a named surveyor some thirty or thirty-two years before about the location or meaning of a certain pin. These conversations took place at or about the time the pin was put down. It is contended that this testimony was admissible, under Code § 85-1602, as an ancient landmark of more than thirty years' standing. Code § 85-1602 permits the introduction of evidence as to general reputation in the community of more than thirty years' standing. The evidence here offered was not as to the general reputation of the pin in question or as to the witness's knowledge of the pin. What was sought was what specific persons said about a specific pin. It is clear that this type of testimony was all that was ruled out by the trial judge, and that such testimony, being hearsay and inadmissible, was properly ruled out." What was there said is applicable here.

7. From what has been said above, it follows, the judgment under review is not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*