## 44016. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SMITH.

WHITMAN, Judge. The basic dispute in this case is over the proper measure of damages under the collision coverage of an automobile insurance policy. Specifically, the policy sued on contains the following provisions: "The Mutual Insurance Company . . . agrees with the named insured, subject to the provisions of the policy: *Coverage G—Deductible Collision.* To pay for loss to the owned automobile caused by collision but only for the amount of each such loss in excess of the deductible amount [$50] stated in the declarations as applicable hereto. . . *Limits of Liability—Settlement Options—Coverages* . . . *G.* The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor [sic] what it would then cost to repair or replace such property with other of like kind and quality, less depreciation and deductible amount applicable. . . The company may at its option pay for the loss in money or may repair or replace the property or such part thereof as aforesaid. . ."

Plaintiff wrecked his car, a 1966 Plymouth, in a collision with a train. The loss was stipulated between the parties as accidental and within the coverage of the policy. The defendant offered to pay plaintiff the cost of repair less the deductible. Plaintiff insisted that the car was not capable of being restored to its former value by repair and maintained that he was entitled to the difference in the market value of the car immediately before and immediately after the collision, less the deductible. The defendant insisted that it had the right to repair under the policy; that its liability was not as plaintiff contended. Plaintiff brought suit to recover under the policy and also for penalties and attorney's fees.

The evidence offered by plaintiff at the trial was that the car had a value when new of about $3,800 and that it was about one year old at the time of the loss, in good condition, and worth about $2,800 to $2,950. Plaintiff also showed that a demand had been made on the defendant for $2,895 with defendant to receive the salvage. The testimony relating to value came from the car dealer who had sold the plaintiff the

car. This person also testified that in his opinion the car could not be restored by repair to its value before the collision. It also appears from the evidence that plaintiff obtained several estimates for the car in its wrecked condition, i.e., as salvage, and sold it to the highest bidder at $650. Photographs were admitted into evidence showing the extent of the damage to the car.

The evidence for the defense was that the defendant had offered to repair the car; that three estimates had been obtained. There was testimony by the defendant's adjuster and by some of those who had made repair estimates or bid for the salvage that the car could be repaired and restored reasonably to its former condition.

The jury returned a verdict in favor of plaintiff for a gross loss of $2,895 less $700 for salvage and deductible or $2,195 net. In addition, the jury awarded plaintiff $300 attorney's fees, making a total recovery of $2,495.

The defendant appeals from the denial of its motion for new trial and enumerates several matters as error. *Held:*

1. The first enumeration of error is the denial of defendant's motion for new trial made upon the general grounds only.

The obligation of an insurer under a contract containing such language as is set forth above, *where the insurer elects to repair,* is "to pay for the loss caused by collision and . . . the correct measure of that loss would be the difference in the market value of the automobile immediately before the collision and . . . its market value immediately after being repaired. . ." *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 315 (127 SE2d 454); *U. S. Fidel. &c. Co. v. Corbett,* 35 Ga. App. 606, 610 (134 SE 336). Thus an insurer under a policy such as the one in this case has three basic options, to wit: (1) To replace the property with other of like kind and quality less depreciation and deductible, (2) pay the loss in money (the loss being the difference in the market value measured immediately before and after the collision), less any deductible, or (3) if the insurer elects to repair it may do so, but to the extent that repairs do not restore to the market value immediately before the collision, the insurer is obligated to compensate for the difference, the total liability reduced by any deductible. The insured must be made whole, except for any deductible, under any option.

Where there is a suit against the insurer on such a policy to recover for a loss, a showing of a prior election to repair rather than to pay the loss would be an affirmative defense, but to be sustained it would have to be shown by the insurer that the insured would be made whole. See *Simmons v. State Farm &c. Ins. Co.*, 111 Ga. App. 738, 740 (143 SE2d 55). In the present case, the defendant, as an affirmative defense, contended that the plaintiff's automobile was repairable; that it had elected to repair; but that its liability extended no further than the cost of such repairs. The evidence was conflicting on whether the repairs could restore the car to its immediately-before-collision market value. There was no evidence of any agreement or intention on behalf of the insurer to compensate the insured for any difference in the after-repairs-value and the immediately-before-collision value. Therefore the verdict and judgment finding liability for payment of the "loss" as opposed to liability for "repairs" only was not contrary to the law or the evidence. There was no error in denying the defendant's motion for new trial on the general grounds.

2. It is also contended that the trial court erred in submitting the issue of bad faith, attorney's fees, and penalties to the jury. The evidence does not show that the defendant's position was frivolous and unfounded. There was ample evidence to the effect that the car could be restored to its former value by repairs which defendant had offered to do. What defendant did not do was to provide assurance that the plaintiff would otherwise be made whole if the repairs did not restore market value. But the evidence shows that the defendant, in good faith, believed it had no such obligation under the policy. See *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305 (8), supra.

A charge on bad faith was not authorized and the judgment is affirmed with direction that the amount awarded as attorney's fees be written off the judgment.

3. The next enumeration is that defendant's motion for mistrial should have been granted based on certain prejudicial statements in plaintiff's closing arguments to the jury. We are unable to pass judgment on the remarks complained about, as these are not contained in the record.

4. The remaining enumerations are not argued in defendant's brief and are deemed abandoned.

*Judgment affirmed with direction set forth in Division 2 of the opinion. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED OCTOBER 7, 1968—DECIDED MARCH 12, 1969—
REHEARING DENIED MARCH 26, 1969.

*H. Dale Thompson, Larry M. Broadfoot, for appellant.*

