[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12423

Non-Argument Calendar

_____

CASSANDRA PASSMORE,

Plaintiff-Appellant,

*versus*

TRAVELERS CASUALTY AND SURETY COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:19-cv-00059-LGW-BWC

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Cassandra Passmore appeals the summary judgment against her claim of bad faith by her insurer, Travelers Casualty and Surety Company, *see* O.C.G.A. § 33-4-6, and the exclusion of evidence of its offers of settlement from a later trial on her claim of breach of contract. We affirm.

Travelers issued Passmore an insurance policy for her home in Brunswick, Georgia, with limits of liability of $167,000 for her house and $83,500 for her personal property. On September 11, 2017, Passmore filed a claim seeking coverage for damage to her home from Hurricane Irma. An inspection revealed storm-related damage to Passmore's roof, to one bathroom wall, and to the ceilings in her living room, bedroom, and hallway. Passmore told Travelers that she had not completed repairs it had covered in 2016 for storm-related damage to the ceilings in several rooms.

On September 25, 2017, Travelers paid Passmore $5,341.71 in actual cash damages to her property. Travelers mailed Passmore an estimate containing photographs of the affected areas of her home. Travelers enclosed its estimate in a letter that requested Passmore resolve any "questions about . . . the estimate . . . before beginning . . . repairs." Passmore did not contact Travelers.

Passmore hired Wilfred Atwater, the same repairman she had used in 2016, to repair some damage to her home.

In December 2018, Passmore notified Travelers that she was "disput[ing] the claim . . . [she] filed last year," and she submitted a proposal from Atwater for $43,200 for ten repairs. Atwater allocated $9,750 to replace Passmore's roof based on an estimate that a third party, KM Homebuilders, had prepared in July 2017. The proposal did not price any of the other repairs to Passmore's property.

Travelers sent Passmore a letter stating that it "ha[d] been unable to determine whether [her] claim [was] covered under [her] policy based on the information available . . . at this time" and that "research [was] ongoing" on the proposed repairs "under a full reservation of rights." The letter quoted provisions of her policy regarding losses not covered and excluded from coverage for deterioration, wear and tear, and neglect. The letter also quoted several provisions of the policy addressing the duties of a policyholder, including a warning that "[n]o action shall be brought [against Travelers] UNLESS THERE HAS BEEN COMPLIANCE WITH THE POLICY PROVISIONS AND THE ACTION IS STARTED WITHIN ONE YEAR AFTER THE OCCURRENCE CAUSING LOSS OR DAMAGE."

Passmore filed in a Georgia court her complaint against Travelers that sought $43,200 for its breach of contract plus a penalty of half that amount and attorney's fees for acting in bad faith, O.C.G.A. § 33-4-6, and Travelers removed the action to federal

court, 28 U.S.C. § 1332. Travelers moved for summary judgment and argued that Passmore was not entitled to further payment because her policy did not cover losses attributable to deterioration, wear and tear, and neglect of property and that her claim for bad faith damages failed as a matter of law. Passmore responded that Travelers acted in bad faith by resisting payment without good cause and failing to respond to her claim. Passmore cited as "one indication of . . . bad faith . . . [that Travelers] attempted to claim that the policy has a time limit on suits," and she averred that Travelers in its letter "was intentionally trying to mislead and defraud [her] by telling [her] that it was too late to bring legal action."

The district court denied Travelers summary judgment on Passmore's claim of breach of contract and granted it summary judgment against her claim of bad faith, O.G.C.A. § 33-4-6. The district court ruled that Travelers "issue[d] payments to [Passmore] based on . . . [its adjuster's] estimate" and had "independent reasonable grounds" to "contest the larger payment [Passmore] demanded" given the "disputed questions of fact" about coverage. The district court rejected as "without merit" Passmore's argument about being "deceived . . . into relinquishing her rights" because Travelers "[n]ever relied on the erroneous . . . provision in contesting her claim" and because Passmore offered no evidence that the insurer "inten[ded] to deceive or mislead" her or that she "read or relied on [the] letter before filing suit."

Before trial, Travelers moved successfully to exclude evidence of its settlement negotiations with Passmore. The district

court ruled that evidence of offers to settle are governed by federal law, that the evidence is generally inadmissible under Federal Rule of Evidence 408, and that Passmore "failed to point to any permissible purpose" to admit the evidence.

After a two-day trial, the jury found that Travelers breached its contract with Passmore. The jury awarded Passmore $3,512.10 in damages.

Passmore challenges the summary judgment against her claim of bad faith, and we review the issue *de novo. See Pelaez v. Gov't Emps. Ins. Co.*, 13 F.4th 1243, 1249 (11th Cir. 2021). To resolve the issue, we view the facts and draw all reasonable inferences from those facts in Passmore's favor. *See id.* Passmore also challenges the exclusion of evidence regarding settlement negotiations, and we review that evidentiary ruling for abuse of discretion. *See United States v. Arias*, 431 F.3d 1327, 1338 (11th Cir. 2005). Under that standard, we reverse only if the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

The district court did not err by entering summary judgment in favor of Travelers and against Passmore's complaint of bad faith. Under Georgia law, which the parties agree applies, "bad faith is *any frivolous and unfounded refusal in law or in fact* to pay according to the terms of the policy." *Amica Mut. Ins. Co. v. Sanders*, 779 S.E.2d 459, 463 (Ga. Ct. App. 2015) (internal quotation marks omitted). Passmore maintains that Travelers acted in bad faith by misstating the length of time she had to file suit, but "[i]f there is

any reasonable ground for the insurer to contest the claim, there is no bad faith," *Dependable Ins. Co. v. Gibbs*, 127 S.E.2d 454, 461 (Ga. 1962). And Passmore does not dispute that Travelers had reasonable grounds to contest her claim when material questions existed about whether the amount it paid for roof repairs was adequate and whether other repairs identified in Atwater's proposal were covered under the policy. In addition, the letter that misstated the timeframe to sue Travelers did not constitute "an absolute denial of liability . . . [or] a refusal . . . to make a bona fide effort to effect a settlement of the claim" for which Passmore could recover the "statutory penalty and attorney's fees for bad faith." *See Am. Cas. Co. of Reading, Pa. v. Parks-Chambers, Inc.*, 142 S.E.2d 275, 278 (Ga. Ct. App. 1965). The letter stated that Travelers had "research . . . ongoing to determine whether coverage is provided by [its] policy" and would "continue to research [Passmore's] claim under a full reservation of rights until coverage is determined." As the district court stated, Passmore's claim of bad faith "fail[ed] as a matter of law."

The district court did not abuse its discretion when it excluded evidence of offers Travelers made to settle with Passmore. Passmore argues that the evidence is admissible under Georgia law, but "it is well settled that the Federal Rules of Evidence, not state evidence law, govern the admissibility of evidence in cases in federal court," *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 558 n.10 (11th Cir. 1998). *See* Fed. R. Evid. 1101. And Passmore

21-12423                Opinion of the Court                7

does not dispute that the evidence was inadmissible under Federal Rule of Evidence 408.

We **AFFIRM** the partial summary judgment against Passmore's claim of bad faith and the exclusion of her evidence of settlement offers.