## 42794. MAVITY v. FIRST OF GEORGIA INSURANCE COMPANY et al.

FELTON, Chief Judge. 1. "The principal place of business of a corporation as fixed by its charter is its legal residence and the only place it can be sued in the absence of the application of special statutory provisions. [Cases cited]." *Singuefield v. General Oglethorpe Hotel Co.,* 113 Ga. App. 326, 327 (148 SE2d 92).

2. The provisions of *Code Ann.* § 56-1201 (3) (Ga. L. 1960, pp. 289, 500), authorizing venue for actions on any "claim or demand" on insurance companies in any county where the company's "agent or place of doing business was located at the time the cause of action accrued or the contract was made out of which *such* cause of action arose" (emphasis supplied), do not apply to tort actions. "The object of the legislation is to fix the venue of actions against insurers *on their contracts of insurance.*" (Emphasis supplied.) *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 313 (3) (127 SE2d 454).

3. Tort actions may be brought against any corporation chartered by authority of this State in the county where the cause of action originated only if the corporation has in such county an agent or, if there be none, then an agency or place of business. *Code* § 22-1102 (Ga. L. 1884-5, p. 99); *Tuggle v. Enter-*

*prise Lumber Co.,* 123 Ga. 480 (51 SE 433) ; *Swift & Co. v. Lawson,* 95 Ga. App. 35, 43 (1, a) (97 SE2d 168) and cases cited.

4. "Where lack of jurisdiction appears on the face of the petition, it is proper to take advantage of such defect by demurrer." *Butler v. Winton,* 56 Ga. App. 443, 448 (192 SE 835) and cit.

5. Accordingly, where the petition in this libel action, brought in the Superior Court of Catoosa County, shows that the defendant insurance company's principal place of business is in Richmond County and that the plaintiff had been an agent of the defendants in Catoosa County at the time the alleged libelous letter was written, but was not their agent at the time the suit was filed, and fails to allege the existence of an agent, or an agency or place of business of the defendants in Catoosa County at the time the action was brought, the jurisdiction and venue of such action was in Richmond County, notwithstanding the service of the defendants by second original. The trial court, therefore, did not err in its judgment sustaining the general demurrer to the petition on the ground of the court's lack of jurisdiction.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*

Argued May 3, 1967—Decided May 22, 1967.

*Gearinger & Vineyard, H. H. Gearinger,* for appellant.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller, Frank M. Gleason,* for appellees.