59129. LOTT v. LIBERTY MUTUAL INSURANCE COMPANY.

BANKE, Judge.

This appeal is from the dismissal of the appellant's complaint due to improper venue. The complaint was filed in Chatham County in reliance upon Code Ann. § 56-1201. The suit sought enforcement of an alleged settlement agreement between the parties to a

wrongful death action in Florida, involving defendant-appellee's insured and plaintiff-appellant's intestate.

Appellee moved for summary judgment, alleging that it is a foreign corporation whose registered office in Georgia is in Fulton County. A certificate by the Secretary of State to this effect was attached as an exhibit to the motion. An affidavit of appellee's Savannah (Chatham County) claims manager was also submitted in support of the motion. The trial court, recognizing that lack of jurisdiction and improper venue are matters in abatement, treated the motion as one to dismiss and granted it. Among others, appellant enumerates as error this treatment of the motion and the court's consideration of the affidavit and the documentary evidence. *Held:*

1. The trial court's action in considering the affidavit and documentary evidence was in compliance with the procedural requirements of Code Ann. §§ 81A-112 (d) and 81A-143 (b). See *Rainwater v. Vazquez,* 135 Ga. App. 463 (218 SE2d 108) (1975). The trial court properly considered the motion in substance as one to dismiss. *Lamex, Inc. v. Sterling Extruder Corp.,* 109 Ga. App. 92, 93 (1) (135 SE2d 445) (1964); *Hart v. DeLowe Partners,* 147 Ga. App. 715 (1) (250 SE2d 169) (1978). The first two enumerations of error are without merit.

2. Appellant enumerates as error the trial court's conclusion that the affidavit attached to the motion "shows affirmatively that it is made on personal knowledge and it appears to the court affiant was in a position to know the facts alleged." The affidavit does not in fact recite that it was based on personal knowledge. However, the information in the affidavit is consistent with and cumulative of the documentary evidence. It is uncontroverted by counter-affidavit or other evidence. The court was entitled to rely on it. Accord, *Smith v. Gibbs,* 145 Ga. App. 647 (244 SE2d 615) (1978).

3. In his final enumeration of error appellant complains of the trial court's ruling that proper venue for the action did not lie in Chatham County and its dismissal of the action for that reason. Venue in Chatham County was predicated on Code Ann. § 56-1201 (Ga. L. 1960, pp. 289, 500; 1969, p. 740), which provides that "[e]xcept for actions arising against unauthorized insurers or under surplus line contracts which are provided for in Chapter 56-6, whenever any person shall have a claim or demand on any insurer, such person may institute suit in any of the following places: . . . (2) In any county where the company shall have an agent or place of doing business . . ." The record shows that appellee has an agent and does business in Savannah. We will judicially note that Savannah is in Chatham County. Thus, we hold that the trial court erred in dismissing the

action.

*Judgment reversed. Smith, J., concurs. McMurray, P. J., concurs in the judgment only.*

SUBMITTED JANUARY 15, 1980 — DECIDED APRIL 7, 1980 — REHEARING DENIED APRIL 30, 1980 —

*Jack Helms,* for appellant.
*Malberry Smith, Jr.,* for appellee.