## 36444. LIBERTY MUTUAL INSURANCE COMPANY v. LOTT.

UNDERCOFLER, Chief Justice.

We granted cert to review an opinion of the Court of Appeals holding that an insurance company could be sued under the venue provisions of Code Ann. § 56-1201 (2)[1] of the Insurance Code by one not a party to the insurance contract. *Lott v. Liberty Mutual Ins. Co.,* 154 Ga. App. 474 (268 SE2d 686) (1980). We affirm.

Lott, the administrator of the estate of Ruel T. Lott sued Liberty Mutual on an alleged agreement to settle a claim on behalf of its insured arising from an automobile collision in Florida. Suit was filed in Chatham County, where Liberty Mutual maintains an office and an agent.

Liberty Mutual claims that since this action does not involve a claim between the insurance company and its insured, the venue provisions of the Insurance Code, Code Ann. § 56-1201, are inapplicable and the general venue provisions of the Corporations Code, Code Ann. § 22-404 (b),[2] must prevail. Venue would then lie in Fulton County. In so arguing, Liberty Mutual relies on *Mavity v. First of Georgia Ins. Co.,* 115 Ga. App. 763 (156 SE2d 191) (1967), holding that the insurance venue provisions did not apply in a tort suit for libel against an employee of the insurance company. We find this case distinguishable. That case did not arise out of the insurance company's business as an insurer, but its role as an employer. Therefore, the insurance venue provisions were not applicable.

The present suit, however, arises out of Liberty Mutual's role as an insurer. Compare *Jones v. Southern Home Ins. Co.,* 135 Ga. App. 385 (217 SE2d 620) (1975). Therefore, we hold that the venue provisions of the Insurance Code are applicable and affirm the Court of Appeals. See generally, *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454) (1962).

*Judgment affirmed. All the Justices concur.*

---

[1]"Except for actions arising . . . in Chapter 56-6, *whenever any person shall have a claim or demand on any insurer,* such person may institute suit in any of the following places: . . . (2) In any county where the company shall have an agent or place of doing business; . . ." (Emphasis supplied.)

[2]Under Code Ann. § 22-404 (b): "For the purpose of determining venue each domestic corporation and each foreign corporation authorized to transact business in this State shall be deemed to reside in the county where its registered office is maintained." Liberty Mutual is a Massachusetts corporation registered in Fulton County.

ARGUED SEPTEMBER 8, 1980 — DECIDED
SEPTEMBER 24, 1980.

*Corish & Smith, Malberry Smith,* for appellant.
*Jack J. Helms,* for appellee.