## 64039. CLOUD v. BRANTLEY CONSTRUCTION COMPANY, INC. et al.

McMURRAY, Presiding Judge.

This is an action by the plaintiff, a subcontractor (Cloud), seeking to foreclose a mechanic's and materialman's lien with reference to construction by the defendant Brantley Construction Company, Inc., the general contractor, a foreign corporation, but with a registered agent in Chatham County, Georgia. After the lien was placed of record a bond was executed to release the property from the lien with Brantley acting as principal and the Insurance Company of North America acting as surety. Consequently, the suit was also filed against the defendant Insurance Company of North America, a foreign insurance company registered to do business in Georgia with a registered agent in Fulton County, Georgia. Service of process in both instances was obtained upon the registered agent. Both defendants filed special pleas to the jurisdiction and as to the venue of the suit in Habersham County, where the work was performed. Plaintiff thereafter amended his complaint, contending that the defendant Insurance Company of North America has an agent and office and place of doing business in Habersham County and is, therefore, subject to the jurisdiction of the court.

The trial court in separate orders denied the special plea to the jurisdiction of the defendant Insurance Company of North America but thereafter held that Habersham County was not the proper venue and sustained the defendants' special plea to the jurisdiction and "the matter is dismissed for lack of jurisdiction." Plaintiff appeals.

*Held:*

The defendants contend the case herein is controlled by *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales,* 149 Ga. App. 354, 356-357 (254 SE2d 426), in that the proper venue of this action should be, as to the South Carolina foreign corporation, in Chatham County where its registered agent resides. However, the plaintiff contends that the case is controlled by *Daniel & Daniel v. Cosmopolitan Co.,* 137 Ga. App. 383 (224 SE2d 44), and *Logan Paving Co. v. Liles Const. Co.,* 141 Ga. App. 81, 82-83 (2) (232 SE2d 575), in that the suit is also against the surety, seeking recovery on the bond and against the contractor (the principal) as joint obligors, and venue has been perfected as to the surety for the performance of its obligation in a particular county (Habersham); and under the law it is deemed to be transacting business in such county and deemed to be a legal resident of such county. See Code Ann. § 56-1201 (Ga. L. 1960, pp. 289, 500; 1969, p. 740). See *Lott v. Liberty Mut. Ins. Co.,* 154 Ga. App. 474, 475 (3) (268 SE2d 686); *Liberty Mut. Ins. Co. v. Lott,* 246 Ga. 423 (271 SE2d 833), affg. *Lott v. Liberty Mut. Ins. Co.,* 154 Ga. App. 474, supra; *Peters v. Queen Ins. Co.,* 137 Ga. 440 (1) (73 SE 664); *Carlan v. Fidelity & Cas. Co.,* 183 Ga. 715 (189 SE 527). The case falls squarely within the decisions referred to above and is almost identical factually to the case of *Logan Paving Co. v. Liles Const. Co.,* 141 Ga. App. 81, supra. The trial court erred in dismissing plaintiff's complaint for lack of proper venue in that jurisdiction was proper against both defendants on the joint obligation bond.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 9, 1982 —
REHEARING DENIED JULY 26, 1982.

*M. Keith York,* for appellant.
*Stanley R. Lawson,* for appellees.