## S97A1227. THORPE v. THORPE.
(492 SE2d 887)

HINES, Justice.

Charles Thorpe appeals the court's denial of his motion to set aside a judgment that granted Latashi Thorpe a total divorce and full custody of the couple's minor child. Mr. Thorpe contends the court should have set aside the judgment because service by publication was not justified, venue was improper, and the child custody award did not consider the child's best interests. We need only address venue.

On August 8, 1996, Ms. Thorpe filed a "Petition for Divorce by Publication" in the Superior Court of Wilkinson County. She was then a resident of Wilkinson County and Mr. Thorpe resided in Fulton County with the child at an address unknown to Ms. Thorpe. Her petition stated she was a resident of Wilkinson County and that Mr. Thorpe resided "somewhere in the City of Atlanta." Her accompanying affidavit showed he was a student at Georgia Tech.

The couple had lived together in the City of Atlanta, Fulton County, from 1992 to June 1994, when Ms. Thorpe moved to Wilkinson County with the child. They had also shared an Atlanta post office box that Mr. Thorpe maintained continuously after Ms. Thorpe's departure. In May 1995, Mr. Thorpe moved to another Atlanta address. On March 15, 1996, he moved again, to an apartment outside the City of Atlanta but in Fulton County. He has been enrolled at Georgia Tech at all times since the couple moved to Atlanta in 1992, and is a graduate teaching assistant there.

In July 1996, Mr. Thorpe requested and received an extended visit with the child. Mr. Thorpe offered to let Ms. Thorpe see his apartment before this visit but she did not do so. He did not give her the apartment's address but she did have the telephone number. As late as August 1, Ms. Thorpe made a number of calls to Mr. Thorpe's home that were answered by an answering machine; she did not request Mr. Thorpe's address or inform him she was considering filing for divorce. A few days later he changed his home phone number to an unlisted number. He maintained contact with Ms. Thorpe's parents via collect calls made from pay phones but was not informed of any pending suit. The child was enrolled at a Fulton County elementary school and Mr. Thorpe provided the school with his home address and telephone number. The Fulton County school also obtained records from the child's prior Wilkinson County school, which informed Ms. Thorpe where the records had been forwarded.

Ms. Thorpe's petition for divorce by publication did not state venue was proper in Wilkinson County and did not suggest that service might be perfected at Georgia Tech. She averred she had attempted to gain Mr. Thorpe's home address from the enrollment

division of Georgia Tech and had contacted Mr. Thorpe's parents, but neither contact produced the address. At the hearing on the motion to set aside, she also stated she telephoned the child's new elementary school but it would not supply the address. In support of her petition and request for child custody and support, she included a December 1993 child support consent judgment from the Fulton County Superior Court in which defendant Mr. Thorpe was ordered to pay a certain monthly sum for child support.

Service by publication proceeded; no personal or mail service was attempted. On October 21, 1996, the trial court declared that service by publication had been perfected and entered a final judgment and decree granting the requests for divorce, custody of the child, and child support. Later that day, Ms. Thorpe appeared in person at the child's elementary school and obtained Mr. Thorpe's home address. Mr. Thorpe then learned of the suit. Within a few days, Ms. Thorpe also caused Mr. Thorpe to be served with an arrest warrant for interference with child custody while he was on the Georgia Tech campus.

Mr. Thorpe argued in his motion to set aside the judgment, and again at the hearing on the motion, that venue in the Superior Court of Wilkinson County was improper because of his Fulton County residence. The court's order denying the motion is silent on the matter, addressing only the issue of whether Ms. Thorpe's attempts to locate Mr. Thorpe before seeking service by publication showed due diligence on her part. See OCGA § 9-11-4 (e) (1) (A).

The Georgia Constitution, Art. VI, Sec. II, Par. I, fixes venue in divorce cases.

> Divorce cases shall be tried in the county where the defendant resides, if a resident of this state; if the defendant is not a resident of this state, then in the county in which the plaintiff resides; provided, however, a divorce case may be tried in the county of residence of the plaintiff if the defendant has moved from that same county within six months from the date of the filing of the divorce action and said county was the site of the marital domicile at the time of the separation of the parties, and provided, further, that any person who has been a resident of any United States army post or military reservation within the State of Georgia for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States army post or military reservation.

Ms. Thorpe's "Petition for Divorce by Publication" does not assert that venue is proper in Wilkinson County, nor does it assert facts

that would support a finding of proper venue. No evidence was introduced in response to the motion to set aside to show venue was proper in Wilkinson County. The court did not make any finding about venue, nor is there any evidence that would support a finding that venue was proper in Wilkinson County based on defendant's residence. Compare *Smith v. Smith*, 248 Ga. 268 (1) (282 SE2d 324) (1981); *Smith v. Wood*, 174 Ga. App. 799, 800 (2) (331 SE2d 636) (1985). It is undisputed that Mr. Thorpe had been a resident of Fulton County since 1992, that until June 1994 Ms. Thorpe lived there with him, and that the last residential address which Ms. Thorpe knew for Mr. Thorpe was in Fulton County.

The Constitution provides for venue in the plaintiff's county only in certain circumstances, and this is not one of them. Mr. Thorpe was a resident of this state, as Ms. Thorpe conceded in her initial pleading, and the provision allowing for venue in plaintiff's county when the defendant is a nonresident does not apply. Nor had Mr. Thorpe moved from Wilkinson County in the six months prior to suit. Nothing in Art. VI, Sec. II, Par. I fixes venue in the Superior Court of Wilkinson County.

Ms. Thorpe contends OCGA § 9-11-4 (e) (1) (A) provides for venue in Wilkinson County because it allows for service by publication when the defendant "conceals himself to avoid the service of the summons."[1] This Code section, however, does not purport to establish venue in any county other than that established by the Constitution. It merely provides an alternative means of service in a proper case.

Ms. Thorpe also argues that under *Melton v. Johnson*, 242 Ga. 400 (249 SE2d 82) (1978), venue is proper in the county of her residence. However, that case presented no question of venue, only whether service by publication was appropriate. Venue in *Melton* was proper as in the county of the defendant's residence. Id. at 401.

A judgment of divorce in which venue is improper is void. *Herring v. Herring*, 246 Ga. 462 (271 SE2d 857) (1980). Inasmuch as venue was not in Wilkinson County the judgment is void, as is the court's order declaring service to be perfected. The court must set aside the judgment and transfer the case to a court having jurisdiction. See *Dean v. Schreeder, Wheeler & Flint*, 222 Ga. App. 426, 430 (2) (474 SE2d 648) (1996).

*Judgment reversed and remanded with direction. All the Justices concur, except Benham, C. J., who dissents.*

---

[1] It should be noted that the "Petition for Divorce by Publication" served as both complaint and request for service by publication, and was filed before any attempt at service was made.

BENHAM, Chief Justice, dissenting.

I respectfully dissent to the majority's reversal of the trial court's decision to deny appellant's Motion to Set Aside Judgment and grant appellee's Petition for Divorce and custody of the couple's minor child. The "clean hands doctrine" requires that appellant's conduct be considered before deciding the issues of law and equity now before this Court. This is a divorce and custody action that petitioner/appellee, after a two-year separation from respondent/appellant, filed in Wilkinson County Superior Court. Appellee alleged that she could not determine the whereabouts of appellant after an extensive search through means available to her. She only knew that he was alleged to be somewhere in the city of Atlanta, Georgia. Appellee resides in Wilkinson County which is in middle Georgia.

On July 19, 1996, approximately two years and one month after the parties' separation, appellant picked up the child in Irwinton, Georgia for a visit. Appellee had no physical address for appellant except that he lived in the suburbs. Shortly thereafter, appellee learned that appellant did not intend to return the child to her as agreed. Appellee attempted to contact appellant by every means of which she could conceive. All of appellee's efforts to contact and locate appellant were made prior to speaking with her attorney concerning divorce proceedings. After the filing of the Petition for Divorce by Publication, appellee continued her efforts to find appellant, but was refused information from the sources she thought would likely have his address.

Upon appellee's request for Divorce by Publication, the trial court made a finding of fact that she had exercised due diligence in attempting to find appellant and that all formalities associated with the filing and subsequent granting of a Divorce by Publication had been met as required by the law. Appellant subsequently filed a motion to set aside the judgment, alleging that respondent/appellee had not exercised due diligence in attempting to locate him. The trial court's exercise of discretion in determining diligence will not be reversed on appeal unless it has been actually abused and cannot be supported as a matter of law. *Morse v. Flint River Community Hosp.*, 215 Ga. App. 224 (450 SE2d 253) (1994). The trial court also found as a specific finding of fact that appellant intentionally and purposely attempted to avoid being found by appellee, and was successful in his efforts.

1. *Venue.* The majority opinion stated that appellee's "petition for divorce by publication does not assert that venue is proper in Wilkinson County, nor does it assert facts that would support a finding of proper venue." Venue was properly laid in the county of appellee when appellant, on whom service was to be made, concealed himself from being found by appellee to avoid the service of a summons. After

hearing the facts surrounding appellee's efforts to find appellant and a showing to the court that he was a necessary or proper party to the action, the judge had authority to establish jurisdiction over the proceeding. Venue was properly pled and established because of appellant's own actions to conceal his whereabouts.

Insomuch as policy and clarity are concerned, this Court should not require parties unable to find necessary parties to be denied access to the courts because one party is crafty enough or wealthy enough to effectively conceal his or her whereabouts. To do so would effectively chill parties from seeking a legal resolution when marriages are irretrievably broken. It would also encourage parties not wanting the action to go into hiding, thus eliminating a more peaceful and equitable solution to the problem. Additionally, to require the petitioning party to file suit in a county which may not have jurisdiction over either party is not an exercise of judicial economy and would not only be cost-prohibitive but could preclude the parties from achieving an adequate remedy at law.

This Court should affirm the trial court's decision and establish as a matter of policy that a party's efforts to frustrate the administration of justice by evading service of process will not be condoned or rewarded. Having flaunted the law by succeeding in evading service, appellant should not now be permitted to seize upon it in order to legitimize his conduct.

2. *Service by Publication.* Appellee's Petition for Divorce by Publication was granted in August 1996 in accordance with OCGA § 9-11-4 (e) (1) (A) which provides,

> When the person on whom service is to be made . . . conceals himself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by the publication of summons . . . .

Appellant went to great lengths to hide from appellee. She knew he lived somewhere in Atlanta. However, "Atlanta" could mean any of the several counties in the metro-Atlanta area, to include Fulton, Gwinnett, Cobb, DeKalb, and possibly Paulding, Douglas, and Clayton counties. As established in the motion to set aside proceeding, appellant had a Duluth address. We note that Duluth is a city in Gwinnett County. Even if appellee had known the actual address of appellant, she may not have known that his address was in Fulton

County. Expecting a petitioner who does not know the whereabouts of the party to be served to have the burden of publishing notice of an action in every possible county where the party might reside is unreasonable. The only county clearly identifiable to appellee was Wilkinson County, the county in which the parties married and the county having legal jurisdiction over her.

At the time of the couple's separation, appellee was living in Wilkinson County with her son, the subject of the custody action in the petition. Appellant was a student at the Georgia Institute of Technology. The general rule in custody issues is that the court where the parent with legal custody resides has exclusive right to award change of custody. This is true whether the legal custodian lives in another state or in another county, and despite physical presence of the child in another jurisdiction. *Matthews v. Matthews*, 238 Ga. 201 (232 SE2d 76) (1977). Appellee, not knowing the whereabouts of appellant, sought legal relief from the only court clearly having jurisdiction over at least two of the parties, Wilkinson County Superior Court.

The majority opinion, as written, adds confusion to the law rather than stability. If appellee could not find appellant after exercising due diligence or is prohibited from a more extensive search because of financial concerns, she could possibly be left with no legal recourse were she not permitted to bring this action in her county. Requiring appellee to find the party who is effectively eluding her efforts or be denied access to the courts is not a just result.

Additionally, by reversing the trial court's decision, the majority opinion is in effect overruling *Etzion v. Evans*, 247 Ga. 390, 393 (276 SE2d 577) (1981), where this Court held that "[i]f it is in the child's best interest that child custody be changed, the noncustodial parent must, instead of snatching that child, seek a change of custody where jurisdiction lies." The facts presented here support the trial court's finding that appellant intentionally refused to return the child after a visitation period and, after that, succeeded in concealing the child's whereabouts from the legal custodian. As a general rule, equity will not grant relief to a party who comes into court with unclean hands, or is guilty of an illegal or immoral act. These rules stem from the just and salutary principle that one will not be permitted to profit by his own wrong. *Fuller v. Fuller*, 211 Ga. 201, 202 (84 SE2d 665) (1954).

*I respectfully dissent.*

· DECIDED NOVEMBER 24, 1997.

*Hunton & Williams, Paul F. Wellborn III, Lawrence J. Bracken*

*II, Rance L. Craft,* for appellant.
*Robert P. Westin, Lewis J. Patterson,* for appellee.