S99G0530. TRAVELERS, INC. et al. v. PATTERMAN et al.
(527 SE2d 187)

HINES, Justice.

This Court granted certiorari to the Court of Appeals to consider its decision in *Patterman v. Travelers, Inc.*, 235 Ga. App. 784 (510 SE2d 307) (1998), and whether the Court of Appeals was correct in determining that the venue provision of OCGA § 33-4-1 (2) is applicable to this action.

The Pattermans, who are California residents, filed suit against Travelers, Inc., Primerica Financial Services, Inc. ("PFS"), Primerica Life Insurance Company ("PLI"), and National Benefit Life Insurance Company, alleging various claims of fraud, negligence, racketeering, and unfair business practices. The Pattermans switched their life insurance from whole life policies to less expensive term life

policies sold by PLI, and invested the money received and saved in mutual funds issued by PFS. They allege they took these actions based upon false or misleading representations by one of PLI's agents. After losing money when the mutual funds did not perform as expected, the Pattermans canceled their insurance policies, closed their mutual fund accounts, and filed suit in the Superior Court of Richmond County, claiming the defendants sought out cash value life insurance policyholders to induce them, through deceptive sales techniques, to purchase defendants' policies and mutual funds. The Pattermans alleged that the acts complained of occurred in Georgia, and claimed venue was correct in Richmond County by virtue of OCGA § 33-4-1 (2), which reads "whenever any person shall have a claim or demand on any insurer, such person may bring an action in any of the following places: . . . (2) In any county where the company shall have an agent or place of doing business." It is undisputed that at least one defendant has an agent or place of doing business in Richmond County.

The defendants moved to transfer the action to Gwinnett County, where two of them maintain registered offices. The trial court granted the motion, apparently accepting the defendants' argument that OCGA § 33-4-1 applies only to contract actions and is inapplicable to this tort action. The Court of Appeals reversed, finding that while some subsections of OCGA § 33-4-1 may pertain only to contract actions, subsection (2) can be used to fix venue for a tort action in any county where a defendant insurance company has an agent, as long as the action involves the defendant's insurance business. *Patterman*, supra.

The language of OCGA § 33-4-1 (2) is plain; it refers to *any* person, *any* claim against an insurer, and *any* county where the company has an agent or place of doing business. See OCGA § 1-3-1 (b). It is not limited to claims on contracts of insurance. It must, however, be a claim against an "insurer," and therefore arise out of the defendant's role as an insurer. *Liberty Mutual Ins. Co. v. Lott*, 246 Ga. 423 (271 SE2d 833) (1980). This tort action does. Among other allegations, the Pattermans contend that the defendants made misrepresentations to induce them to surrender their existing policies and purchase different ones. Under the Georgia Insurance Code, such actions can constitute engaging in the business of insurance. See OCGA §§ 33-1-2 (6); 33-6-4 (b) (2). And it is clear that the General Assembly has the power to fix venue as it has done here. See *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305 (127 SE2d 454) (1962).

The defendants, however, argue that despite the plain words of the statute, OCGA § 33-4-1 (2) applies only when the basis of the suit is a contract of insurance, and contend that precedent supports their argument. They rely on *Gibbs*, supra, but that opinion addresses only

subsection (4) of OCGA § 33-4-1, which specifically refers to suit on an insurance contract. Subsection (2), at issue here, has no such reference. The defendants contend that the statement in *Gibbs* that the "object of the legislation is to fix the venue of actions against insurers on their contracts of insurance," id. at 313 (3), pertains to all of OCGA § 33-4-1, but this is incorrect. That statement is made only in response to an argument that subsection (4) makes an unreasonable classification in setting venue in suits against insurance companies based upon whether they are "bound and obligated as surety upon the bond of sheriffs or other arresting or law enforcement officers," and is therefore unconstitutional. Id. at 312. This classification is found only in subsection (4), and the subsequent reference to "the legislation" and its intent applies only to OCGA § 33-4-1 (4). It has no application in a case such as this, proceeding under OCGA § 33-4-1 (2).

Similarly, *Mavity v. First of Ga. Ins. Co.*, 115 Ga. App. 763 (2) (156 SE2d 191) (1967), stands only for the proposition that the venue provisions of subsection (3) of OCGA § 33-4-1 do not apply to tort actions. This subsection also specifically refers to contract actions. Further, *Mavity* contemplates the application of OCGA § 33-4-1 (2) to the facts found therein; the opinion noted that at the time of suit, the defendant had no agent in Catoosa County, where suit was filed. Id. at 764 (5). Whether the defendant has such an agent is the threshold question under OCGA § 33-4-1 (2), and it is undisputed that that condition is met in the instant case.

The defendants also contend that a venue statute such as OCGA § 33-4-1 (2) cannot operate to bring into Georgia a cause of action that occurred wholly outside of the state. But the Pattermans allege that acts upon which this cause of action is based occurred in Georgia, and the defendants do not dispute that this action is properly heard in Georgia, only that venue in Richmond County is correct. OCGA § 33-4-1 (2) does not provide any basis for jurisdiction in Georgia, and it is being used here only for its proper purpose; to decide in what Georgia court this action might be heard. See *Klein v. Allstate Ins. Co.*, 202 Ga. App. 188, 189 (1) (413 SE2d 777) (1991), aff'd, 262 Ga. 599 (422 SE2d 863) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2000 —
RECONSIDERATION DENIED MARCH 24, 2000.

*Rogers & Hardin, C. B. Rogers, Peter W. Schneider, John J. Almond, Dye, Tucker, Everitt, Long & Brewton, Thomas W. Tucker,* for appellants.

*Bell & James, John C. Bell, Jr., Pamela Sue James, James L. Bentley III, Hull, Towill, Norman, Barrett & Salley, David E. Hudson, Milberg, Weise, Bershad, Hynes & Lerach, Barry Weprin,* for appellees.

*Morris, Manning & Martin, Lewis E. Hassett, King & Spalding, Frank C. Jones, Michael R. Powers, David J. Onorato, Troutman Sanders, Martin M. Wilson, Robert H. Forry, Cindy M. Swinson, Karen E. Cooper, Joey M. Loudermilk, Scott J. Cipinko, Victoria E. Fimea,* amici curiae.