A02A2264. FIRST AMERICAN TITLE INSURANCE COMPANY
v. BROADSTREET.
(580 SE2d 676)

ELDRIDGE, Judge.

Appellee-plaintiff Delcie Broadstreet filed her verified complaint for injunctive relief to stop foreclosure and to set aside a deed to secure debt upon the initiation of foreclosure proceedings by appellant-defendant First American Title Insurance Company. First American thereafter filed its motion to dismiss or transfer venue, asserting its status as a foreign corporation with registered agent a resident of Fulton County. Following an interlocutory injunction hearing, Ms. Broadstreet amended her complaint, adding an action to quiet title under OCGA § 23-3-62. This appeal[1] follows entry of the superior court's order denying First American's motion to dismiss or transfer venue and granting an interlocutory injunction to Ms. Broadstreet prohibiting any foreclosure upon the deed to secure debt.

First American contends that the superior court erred in finding venue as properly laid under OCGA § 33-4-1 (2), arguing that the instant action does not arise out of its business as an insurer and that it has no agent or place of business in Carroll County; that the grant of an interlocutory injunction to Ms. Broadstreet was error as entered in the absence of notice of her amended complaint which added an action to quiet title after the superior court's hearing on interlocutory injunction; and that the Quiet Title Act of 1966 ("Act"), OCGA § 23-3-62, is unconstitutional insofar as it purports to provide venue in the county where the land lies in an action to quiet title contrary to Article VI, Section II, Paragraph III, of the Georgia Constitu-

---

[1] The Supreme Court of Georgia transferred this case to this Court as neither within its equity jurisdiction nor within its general appellate jurisdiction in cases involving title to land, see 1983 Ga. Const., Art. VI, Sec. VI, Par. III (1), upon deciding that the disposition of the appeal turns on resolution of the legal issue of the validity of a deed to secure debt. See *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991); *Hooten v. Goldome Credit Corp.*, 224 Ga. App. 581, 582 (1) (481 SE2d 550) (1997).

tion which pertinently provides that "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Finding that this action does not arise out of First American's role as an insurer and that First American was not allowed to raise its arguments concerning venue under the Act, we vacate the judgment of the superior court and remand with direction.

The record shows that Washtenaw Mortgage Company loaned Ms. Broadstreet's husband, Bruce Broadstreet, $40,000. The loan was secured by the Broadstreets' home, real property located at 272 Luther Circle, Villa Rica, Georgia, in Carroll County. Washtenaw purchased title insurance from First American at the time the loan documents were executed. Thereafter, Washtenaw sued First American and the closing attorney for damages arising out of an alleged partial failure of title. Upon settlement of the matter, First American purchased Washtenaw's interest in the loan to Mr. Broadstreet, inclusive of the deed to secure debt. Washtenaw, in turn, assigned its interest in the deed to secure debt to First American. *Held*:

1. Ms. Broadstreet does not challenge the issuance or existence of title insurance covering the Washtenaw loan to her husband. Neither does she assert that First American is not a proper assignee of the deed to secure debt. Rather, by her complaint, as amended, Ms. Broadstreet challenges Washtenaw's actions regarding the origination and execution of the security deed and complains that First American purchased the security deed knowing that she disputed the title to the property secured thereby. Ms. Broadstreet's claim as to First American thus is one directed to its role as a lender by assignment, not its role as an insurer.

> The language of OCGA § 33-4-1 (2) is plain; it refers to *any* person, *any* claim against an insurer, and *any* county where the company has an agent or [a] place of . . . business. See OCGA § 1-3-1 (b). It is not limited to claims on contracts of insurance. It must, however, be a claim against an "insurer," and therefore arise out of the defendant's role as an insurer. *Liberty Mutual Ins. Co. v. Lott*, 246 Ga. 423 (271 SE2d 833) (1980).

(Emphasis in original.) *Travelers, Inc. v. Patterman*, 272 Ga. 251, 252 (527 SE2d 187) (2000). Inasmuch as the instant action does not arise out of First American's role as an insurer, venue under the Insurance Code, OCGA § 33-4-1 (2), is here inapplicable. See *Mavity v. First of Ga. Ins. Co.*, 115 Ga. App. 763 (156 SE2d 191) (1967) (no insurance venue because case arose out of insurer's role as employer, not as insurer); compare *Travelers, Inc. v. Patterman*, supra (OCGA § 33-4-1 (2) insurance venue since defendant insurer fraudulently induced the

surrender of existent policies of insurance and purchase of different policies); compare also *Liberty Mut. Ins. Co. v. Lott*, supra (suit upon alleged failure to settle insurance claim as authorizing insurance venue under predecessor Code section to OCGA § 33-4-1 (2)). Instead, it is well settled that "[a]n action to enjoin an illegal exercise of a power of sale in a deed to secure debt . . . lie[s] against a foreign corporation in the county where its attorney in fact is a resident. *Martin v. Approved Bancredit Corp.*, 224 Ga. 550 (2) (163 SE2d 885) (1968)." *Lingo v. Worcester County Institution for Savings*, 171 Ga. App. 892 (321 SE2d 744) (1984).

A court without venue lacks authority to issue an injunction. *Miller v. Bryant*, 266 Ga. 584 (468 SE2d 762) (1996); *Lingo v. Worcester County Institution for Savings*, supra. A judgment or order issued by a court without venue is void. *Bradley v. State*, 272 Ga. 740, 744 (3), (4) (533 SE2d 727) (2000); *Thorpe v. Thorpe*, 268 Ga. 724, 726 (492 SE2d 887) (1997). Accordingly, the superior court's grant of an interlocutory injunction to Ms. Broadstreet was error to the extent it was predicated upon venue as properly laid under OCGA § 33-4-1 (2).

2. However, the record reveals that Ms. Broadstreet amended her complaint to add a count to quiet title under the Act *after* the hearing on interlocutory injunction, and there is no showing that First American had any opportunity to challenge its applicability in the circumstances of this case. See *Sylvania Water Supply Co. v. Overstreet*, 124 Ga. 235, 238 (52 SE 164) (1905) (effect of amendment is to open case requiring notice thereof to opposing party and reasonable time to answer and submit supporting evidence). "No extended argument is required to show that [First American] in the court below was [thus] deprived of a material right." Id. at 237. Consequently, we must vacate the judgment of the superior court and remand with direction that First American be permitted to make its arguments as to venue under the Act in the trial court.

3. In light of the foregoing, we need not address First American's remaining claim of error.

*Judgment vacated and remanded with direction. Smith, C. J., and Ellington, J., concur.*

DECIDED APRIL 3, 2003.

*Beloin & Associates, Frederic S. Beloin, Matthew A. Barrett, Charles W. Brown*, for appellant.
*Kurt M. Thomas*, for appellee.